JUDGE SULLIVAN

**10 CIV 9036**

Martin F. Casey
Christopher M. Schierloh
**CASEY & BARNETT, LLC**
65 West 36th Street, 9th Floor
New York, New York 10018
(212) 286-0225
Attorneys for Plaintiff



UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
MUND & FESTER GMBH & CO. KG a/s/o
AGRO FRESH, S.A.

      Plaintiff,

   - against -

MEDITERRANEAN SHIPPING COMPANY S.A.,

      Defendant.
------------------------------------------------------------X

2010 Civ.

**COMPLAINT**

Plaintiff, by its attorneys, CASEY & BARNETT, LLC, for its Complaint, alleges upon information and belief, as follows:

1. This is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure. Jurisdiction is predicated upon 28 U.S.C. §1333.

2. At all material times, Mund & Fester GmbH & Co. KG (hereinafter "M&F" or "Plaintiff") was and is a corporation organized and existing by virtue of the laws of a foreign state with an office and place of business located at Trostbrücke 1, 20457 Hamburg, Germany and was the subrogated underwriter of various consignments of fresh apples laden on board the M/V MSC DIEGO and the M/V MSC SCANDINAVIA, as more specifically described below.

3. Agro Fresh, S.A. (hereinafter "Agro") was and is a corporation organized and existing by virtue of the laws of a foreign state with an office and place of business located at Rincon 487 Of. 310, Montevideo, Uruguay and was the owner, shipper, and/or assured of various consignments of fresh apples on board the M/V MSC DIEGO and the M/V MSC SCANDINAVIA, as more fully described below.

4. At all material times, defendant, Mediterranean Shipping Company, S.A. (hereinafter "MSC") was and is a foreign corporation with a place of business located at 420 Fifth Avenue, New York, New York 10018 and owns, operates, manages and/or charters ships, including the M/V MSC DIEGO and the M/V MSC SCANDINAVIA, that operate between various foreign and domestic ports and, in particular, within this district and was the owner, owner *pro hac vice*, charterer, manager and/or operator of the M/V MSC DIEGO and the M/V MSC SCANDINAVIA, and at all relevant times, was and is still doing business within the jurisdiction of this Honorable Court.

5. Plaintiff brings this action on its own behalf and as agent and/or trustee on behalf of and for the interest of all parties who may be or become interested in the said consignments, as their respective interests may ultimately appear, and plaintiff is entitled to maintain this action.

## AS FOR A FIRST CAUSE OF ACTION – M/V MSC DIEGO

6. Plaintiff repeats, reiterates and realleges each and every allegation set forth in paragraphs 1 through 5 inclusive, as if herein set forth at length.

7. On or about February 21, 2010, a consignment of consisting of 1,064 cases of fresh apples laden into container number CRLU1208601, then being in good order and condition, was delivered into the care and custody of MSC, and/or its agents, for transportation

from Montevideo, Uruguay to Montreal, Canada, in consideration of an agreed freight, pursuant to bill of lading number 452358 dated February 21, 2010.

8. Thereafter, the aforementioned consignment was loaded aboard the M/V MSC DIEGO, bill of lading number 452358 was issued and the vessel sailed for its intended destination.

9. When the cargo arrived at destination in Montreal, discharge it was discovered that the cargo was not in the same good order and condition as when received by the defendant, but instead had suffered physical damage during transit as a result of delay and extended transit time.

10. The damage to the aforementioned cargo was not the result of any act or omission of the plaintiff but, to the contrary, was due solely as the result of the negligence, fault, neglect, breach of contract of carriage and breach of bailment on the part of the defendant.

11. By reason of the foregoing, plaintiff has been sustained losses which will be shown with specificity at trial, no part of which has been paid, although duly demanded, which are presently estimated to be no less than $26,453.73.

12. At all times relevant hereto, a contract of insurance for property damage was in effect between Agro and M&F, which provided coverage for, among other things, loss or damage to the consignment.

13. Pursuant to the aforementioned contract of insurance between Agro and M&F, monies have been expended on behalf of Agro to the detriment of M&F due to the damages sustained during transit.

14. As M&F has sustained damages as a result of said expenditures, expenditures rightly the responsibility of the defendants, M&F has an equitable right of subrogation and is

subrogated, to the extent of its expenditures, to the rights of its insured with respect to any and all claims for damages against the defendants.

15. Plaintiff and its predecessors in title have performed all of the conditions precedent on their part to be performed under the terms of the said contract.

### AS FOR A SECOND CAUSE OF ACTION – M/V MSC SCANDINAVIA

16. Plaintiff repeats, reiterates and realleges each and every allegation set forth in paragraphs 1 through 15 inclusive, as if herein set forth at length.

17. On or about March 7, 2010, a consignment consisting of 1,113 cases of fresh apples laden into container number MEDU9074840, then being in good order and condition, was delivered into the care and custody of MSC, and/or its agents, for transportation from Montevideo, Uruguay to Toronto, Canada, in consideration of an agreed freight, pursuant to bill of lading number 45238Z dated March 7, 2010.

18. Thereafter, the aforementioned consignment was loaded aboard the M/V MSC SCANDINAVIA, bill of lading number 45238Z was issued and the vessel sailed for its intended destination.

19. Upon delivery of the cargo at destination in Toronto, it was discovered that the cargo was not in the same good order and condition as when received by the defendant, but instead had suffered physical damage during transit as a result of delay and extended transit time.

20. The damage to the aforementioned cargo was not the result of any act or omission of the plaintiff but, to the contrary, was due solely as the result of the negligence, fault, neglect, breach of contract of carriage and breach of bailment on the part of the defendant.

21. By reason of the foregoing, plaintiff has been sustained losses which will be shown with specificity at trial, no part of which has been paid, although duly demanded, which are presently estimated to be no less than $22,479.39.

22. At all times relevant hereto, a contract of insurance for property damage was in effect between Agro and M&F, which provided coverage for, among other things, loss or damage to the consignment.

23. Pursuant to the aforementioned contract of insurance between Agro and M&F, monies have been expended on behalf of Agro to the detriment of M&F due to the damages sustained during transit.

24. As M&F has sustained damages as a result of said expenditures, expenditures rightly the responsibility of the defendants, M&F has an equitable right of subrogation and is subrogated, to the extent of its expenditures, to the rights of its insured with respect to any and all claims for damages against the defendants.

25. Plaintiff and its predecessors in title have performed all of the conditions precedent on their part to be performed under the terms of the said contract.

**WHEREFORE,** Plaintiff prays:

1. The Court order, adjudge and decree that defendant Mediterranean Shipping Company, S.A. be found liable and pay to plaintiff the losses sustained herein, together with pre-judgment and post judgment interest thereon and their costs; and,

2.  That this Court grant to plaintiff such other and further relief as may be just and proper.

Dated: New York, New York
December 3, 2010
292-21/22

                        CASEY & BARNETT, LLC
                        Attorneys for Plaintiff

By: _____
                        Martin F. Casey
                        Christopher M. Schierloh
                        65 West 36th Street, 9th Floor
                        New York, New York 10018
                        (212) 286-0225